UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMA YARBER,<br><br>        Plaintiff,<br><br>    v.<br><br>KIA AMERICA, INC,<br><br>        Defendant. | Case No. 22-cv-03411-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

Before the Court is Defendant Kia America's second motion to dismiss. Dkt. No 42. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motion to dismiss.

**I.  BACKGROUND**

The Court previously granted Defendant's first motion to dismiss Plaintiff Yarber's fraudulent inducement-concealment claim and request for punitive damages, and gave Plaintiff leave to amend her claims. *See generally Yarber v. Kia Am., Inc.*, No. 22-CV-03411-HSG, 2023 WL 2654186 (N.D. Cal. Mar. 27, 2023). Plaintiff subsequently filed a First Amended Complaint, which again brings six causes of action arising out of her allegations about defective 2012-2019 Kia Souls. *See* Dkt. No. 40 ("FAC") ¶¶ 90–132. Defendant Kia now moves, as before, to dismiss Plaintiff's fraudulent inducement-concealment claim (Count VI) and her request for punitive damages. *See generally* Dkt. No. 42 ("Mot.").

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**III.  DISCUSSION**

Defendant moves for the second time to dismiss Plaintiff's sixth cause of action for fraudulent inducement-concealment and her request for punitive damages. For the same reasons described in the prior ruling, Dkt. No. 39 ("MTD I Order"), the Court will dismiss both. The FAC – which is, as Defendant observes, "nearly identical" to the original – simply did not address the pleading deficiencies specifically identified by the Court in its prior ruling. Mot. at 2.

**A.  Fraudulent Inducement**

In its prior order, the Court identified three independent bases for dismissing Plaintiff's

fraudulent concealment-inducement claim, and fully explained its reasoning. *See* MTD I Order at 3–6. First, the Court found that because Plaintiff alleged only economic losses arising out of her fraud by omission allegations (as opposed to, for example, personal injury or damage to property), the economic loss rule barred her claim. *See id.* at 3–4. Second, the Court held that Plaintiff's allegations did not "support the inference that Defendant was aware of the specific alleged defect" at the time of sale since the sources of pre-sale knowledge Plaintiff relied upon either did not squarely concern the vehicle or defect at issue, or were vague and conclusory. *See id.* at 4–5. Lastly, the Court ruled that Plaintiff had not adequately alleged that she would have been aware of the defect had a disclosure been made, since she did not identify the location of the vehicle's purchase or what pre-purchase materials she reviewed. *See id.* at 6.

Though Plaintiff did add two paragraphs to her FAC in an attempt to address the final pleading issue, *see* FAC ¶¶ 16 (identifying location of purchase), 131 (alleging Plaintiff's review of pre-purchase materials such as TV commercials and window stickers), the FAC "do[es] not move the needle" on the other two deficiencies identified by the Court. Mot. at 5. Plaintiff has not alleged independent tortious conduct to overcome the economic loss rule, and has not modified or added any allegations to more plausibly demonstrate Defendant's pre-sale knowledge of the alleged vehicle defect. *See generally* FAC. While Plaintiff's FAC discusses, for whatever reason, the recalls of different car models for different defects made by a different manufacturer, it continues to fail to allege the facts necessary to meet the pleading burden in this case. For instance, the Court finds that Plaintiff still has not plausibly alleged that her vehicle has the alleged engine defect[1] or that Defendant "should have assumed the same defect was present in every vehicle with the same general engine type." MTD I Order at 5.

---

[1] In her FAC, Plaintiff added five new paragraphs detailing her vehicle repair history. FAC ¶¶ 18–22. However, this repair history does little to connect the dots between her vehicle and the alleged Engine Defect, as identified at FAC ¶¶ 23, 25. Specifically, the additional allegations do not suggest that "the catalytic converter in *her* 2019 Soul exhibited any overheating problems, or that the engine in her Vehicle was damaged by the catalytic converter problems." Mot. at 4. And to the extent that Plaintiff hoped that simply identifying her vehicle as having a 1.6L GDI engine, *see* FAC ¶ 15, would create a sufficient inference that her vehicle had the Engine Defect, her allegations still fail to plausibly suggest that *all* 2012-2019 Kia Souls with 1.6L and 2.0L GDI engines are "susceptible to sudden stalling while at any speed and/or to burst [sic] into flames." FAC ¶ 23.

3

Plaintiff's opposition does nothing to persuade the Court that it should rule differently on what is essentially the same set of allegations. For example, even though the prior order made clear how this Court interprets *Robinson Helicopter Co. v. Dana Corporation* in the absence of additional guidance from the California Supreme Court, Plaintiff dedicates pages of her opposition to arguing that *Robinson* does not bar her claim, reasoning at one point that the California Supreme Court will "most likely" agree with Plaintiff's position on the inapplicability of the economic loss rule to this case. Dkt. No. 44 ("Opp.") at 21; *see* 34 Cal. 4th 979, 988 (Cal. 2004). But the Court has already decided this issue, and declines Plaintiff's invitation to speculate as to how California's high court will rule. And despite more than ten pages of argument about how Plaintiff's fraudulent concealment claim is well pled, *see* Opp. at 7–20, Plaintiff does not grapple with the essential issue already identified by the Court: Plaintiff's pleadings do not plausibly suggest that her vehicle even has the defect complained of, or that (even assuming it did) Defendant knew of that defect at the time of sale.

Ultimately, Defendant is correct that "Plaintiff cannot recycle the same [] allegations . . . and expect a different result." Mot. at 7. Accordingly, the Court **DISMISSES** Plaintiff's fraudulent concealment claim. In so doing, it need not reach Defendant's additional arguments as to why Plaintiff's claim fails. *See* Mot. at §§ IV.A.2–4.

### B. Punitive Damages

In its prior ruling, the Court held, as Defendant urged, that "[i]n the absence of a viable fraud allegation . . . Plaintiff has no basis for seeking punitive damages[,]" but granted Plaintiff leave to amend her claims. MTD I Order at 6–7 (citing *Hanai v. Mercedes-Benz USA, LLC*, No. C 20-06012 WHA, 2021 WL 2476783, at *3 (N.D. Cal. June 17, 2021)). Plaintiff did so, and again requested punitive damages. *See* FAC at 30.

Defendant now moves to dismiss Plaintiff's prayer for punitive damages on the same basis as before. *See* Mot. at 11. Plaintiff did not respond to this aspect of Defendant's motion. The Court again **DISMISSES** Plaintiff's request for punitive damages since Plaintiff's pleadings, for the reasons discussed above, still do not support a viable fraud claim.

4

## IV. CONCLUSION

The Court **GRANTS** the motion to dismiss, Dkt. No. 42, without leave to amend because the FAC failed to remedy the deficiencies identified in the Court's prior dismissal order. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1077 (9th Cir. 2009) (upholding dismissal with prejudice because a party's "repeated failure to cure deficiencies" constitutes a "strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile"). The case accordingly will proceed on Counts I–V of the FAC.

**IT IS SO ORDERED.**

Dated: 10/25/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge